**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

SANDRA FREELOVE,

    Plaintiff,

v.

CVA CONSULTING, INC. d/b/a WORLD EYEGLASSES OPTICAL,
a Florida Corporation and GARY ENKER, individually,

    Defendants.

_____/

**COMPLAINT**

Plaintiff, SANDRA FREELOVE, (herein referred to as "Plaintiff" and/or "FREELOVE") by and through her undersigned attorney, hereby files this Complaint against CVA CONSULTING, INC. d/b/a WORLD EYEGLASSES OPTICAL and GARY ENKER (hereinafter, "CVA," "ENKER" and collectively, "Defendants") and says:

**JURISDICTION AND VENUE**

1. This action is brought against the Defendants pursuant to 29 U.S.C. § 201, et seq. (hereinafter the "Fair Labor Standards Act", the "FLSA" or the "Act").

2. Jurisdiction is conferred upon this Court pursuant to 29 U.S.C. § 216(b), and 28 U.S.C. § 1331.

3. Venue is proper in the Southern District of Florida because Plaintiff was employed by Defendants in this District; because Defendants, at all material times, conducted and continue to conduct business in the Southern District of Florida; because the acts that give rise to Plaintiff's claims occurred within the Southern District of Florida; pursuant to 28 U.S.C. §§ 1391(b) and (c); and because Defendants are subject to personal jurisdiction herein.

4. All conditions precedent to this action have been performed or waived.

**PARTIES**

5. FREELOVE is a resident of Broward County, Florida. During all times relevant to this Complaint, FREELOVE was employed by Defendant as a "sales person".

6. Plaintiff's job duties included eyeglass frames and contact lenses sales, dispensing and fitting glasses on adults and children, providing instructions to contact leases purchasers, answering phones, etc. Plaintiff was therefore an "employee" as defined by 29 U.S.C. § 203(e) and a covered individual under 29 U.S.C. § 207(a).

7. Defendant, CVA, is a Florida corporation that operates and conducts business in Broward County, Florida, and is therefore within the jurisdiction and venue of this Court. CVA has, at all times material hereto, conducted substantial and continuous business within the Southern District of Florida, is registered to do business in Florida and is subject to the laws of the United States and the State of Florida.

8. Specifically, CVA is an optical establishment and its employees, including FREELOVE, regularly handled goods which were transported across state lines.

9. At all times material to this Complaint, Defendants have had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials that have been moved in or produced for commerce. CVA is an enterprise covered by the FLSA because it has employees engaged in commerce and employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

10. Specifically, employees at CVA regularly work on computers produced outside the State of Florida, handle and sale eyeglass frames and contact lenses produced outside the State of Florida, and regularly use instrumentalities of interstate commerce.

11. CVA upon knowledge and belief, has gross revenue which exceeds $500,000 for each of the past three (3) years and utilizes goods in the flow of commerce across state lines. CVA is therefore covered as an "enterprise" as defined by the FLSA, 29 U.S.C. § 203(s).

12. CVA was and is an employer within the meaning of Section 3(d) of the Act, 29 U.S.C. § 203(d).

13. Defendant ENKER, who resides in the Southern District of Florida, was, or now is, a manager for Defendant CVA.

14. Defendant ENKER acted and acts directly in the interests of CVA in relation to its employees. ENKER had and exercised the authority to hire and fire employees, set the pay rate for the employees, and control the finances and operations of CVA. Thus, ENKER was and is an employer within the meaning of Section 3(d) of the Act, 29 U.S.C. § 203(d).

15. Plaintiff should have been classified as an employee rather than an independent contractor throughout her employment because the manner in which she was to perform her work was directed by ENKER.

## GENERAL ALLEGATIONS

16. Plaintiff was a non-exempt employee of Defendants and is subject to the payroll practices and procedures set forth hereinafter, and who worked in excess of forty (40) hours during one or more workweeks within three (3) years of the filing of this complaint.

17. At all times pertinent to this action, Defendants failed to comply with 29 U.S.C. §§ 201 – 219 in that FREELOVE performed services for Defendants for which no provision was made to properly pay overtime for those hours worked over forty in a work-week.

18. Plaintiff worked for Defendants from approximately January 2000 until December 2018. During her employment FREELOVE regularly worked approximately fifty (50) hours per week.

19. The Defendants and their representatives knew that FREELOVE was working overtime, and that Federal law requires employees to be compensated at time and one-half per hour for overtime pay.

20. The Defendants maintained complete control over the hours Plaintiff worked and the pay she was to receive.

21. In the course of her employment with Defendants, FREELOVE worked the number of hours required of her, but was not paid time and one-half for all hours worked in excess of forty (40) hours during each workweek. Plaintiff averaged approximately 50 work hours per week during her employment.

22. Defendants willfully failed to record all time worked by FREELOVE and willfully misclassified FREELOVE as exempt from overtime.

23. The records, if any, concerning the number of hours actually worked by Plaintiff and the compensation paid to her are, upon information and belief, in the possession, custody and control of Defendants.

24. Plaintiff has retained the undersigned firm to prosecute this action on her behalf and has agreed to pay it a reasonable fee for its services.

25. Plaintiff is entitled to her reasonable attorneys' fees and costs if she is the prevailing party in this action.

**COUNT ONE – VIOLATION OF FLSA / OVERTIME**
**(AGAINST ALL DEFENDANTS)**

26. Plaintiff re-alleges and re-avers paragraphs 1–25 as fully set forth herein.

27. Since the commencement of Plaintiff's employment, Defendants have willfully violated the provisions of §7 of the Act [29 U.S.C. § 207] by employing workers engaged in commerce for workweeks longer than 40 hours without compensating them for their employment in excess of 40 hours at a rate not less than one- and one-half times the regular rates for which they were employed.

28. Specifically, FREELOVE worked approximately 50 hours during each work week in which she was employed, but was never compensated for any hours worked in excess of forty (40) hours in a workweek. Therefore, Plaintiff is owed back wages at rate of time and one-half her regular hourly rate for all hours worked over forty (40) in each workweek during the relevant time period.

29. Plaintiff was not exempted from the overtime provision of the Act pursuant to the provisions of the Act, 29 U.S.C. § 213(a), in that she was neither a bona fide executive, administrative, nor professional employee.

30. Defendants have knowingly and willfully failed to pay Plaintiff at time and one half of her regular rate of pay for all hours worked in excess of forty (40) per week during the relevant time period.

31. By reason of the said intentional, willful and unlawful acts of Defendants, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

32. Plaintiff was also misclassified as an independent contractor and issued a form 1099 for at least some of her employment.

33. As a result of Defendants' willful violations of the Act, Plaintiff is entitled to liquidated damages.

34. Plaintiff has retained the undersigned counsel to represent her in this action, and pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action from Defendants.

**WHEREFORE**, for workweeks within three (3) years of the filing of this Complaint, Plaintiff SANDRA FREELOVE demands judgment for:

a) Actual damages in the amount shown to be due for unpaid overtime wage compensation for hours worked in excess of forty (40) weekly;

b) Interest on the amount found due;

c) Liquidated damages pursuant to 29 U.S.C. § 260;

d) Costs associated with this action together with reasonable attorney's fees incurred in this action pursuant to 29 U.S.C. §216(b); and

e) Such other relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff SANDRA FREELOVE hereby demands a trial by jury on all issues contained herein so triable as a matter of right.

Dated: October 19, 2020

        **LAW OFFICES OF CHARLES EISS, P.L.**
        Attorneys for Plaintiff
        7951 SW 6th Street, Suite 112
        Plantation, Florida 33324
        (954) 914-7890 (Telephone)
        (855) 423-5298 (Facsimile)

By:   /s/ Charles Eiss
      CHARLES M. EISS, Esq.
      Fla. Bar #612073
      Chuck@icelawfirm.com
      SHANNA M. WALL, Esq.
      Fla. Bar #0051672
      Shanna@icelawfirm.com